IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BELINDA CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 18-00154-CV-W-BP |
| | ) | |
| PLAZA SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND OPINION DENYING PLAINTIFF'S MOTION TO STRIKE**

Pending is Plaintiff's Motion to Strike, (Doc. 15), which seeks an order striking the affirmative defenses asserted in this case. For the reasons discussed below, the Motion to Strike is **DENIED.**

**I. BACKGROUND**

Plaintiff filed a one-count Complaint in state court, alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Defendant removed the case to this Court, (Doc. 1), and filed an Answer that includes five affirmative defenses. In summary, those defenses allege that (1) the Complaint fails to state a claim, (2) Plaintiff has not suffered an injury, (3) Defendant acted in good faith, (4) Plaintiff failed to mitigate damages, and (5) Defendant's actions were consistent with law. Plaintiff contends that Defendant's affirmative defenses have not been plead with sufficient particularity to as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Defendant argues that *Twombly* and *Iqbal* do not apply to affirmative defenses. As discussed below, the Court agrees with Defendant.

## II. DISCUSSION

"The court may strike from a pleading an insufficient defense . . . ." Fed. R. Civ. P. 12(f). Plaintiff contends that the Defendant's affirmative defenses are insufficient because they do not contain the specificity required by *Iqbal* and *Twombly*. The Eighth Circuit has not addressed whether *Iqbal* and *Twombly* apply to affirmative defenses. The undersigned has previously considered this issue and for the following reasons concluded that *Iqbal* and *Twombly* do not apply to affirmative defenses. *See Hiskey v. Musician's Friend, Inc.,* No. 16-00279 (W.D. Mo. July 11, 2016) (Doc. 27, p. 2-4).

First, before *Iqbal* and *Twombly* were decided, the Eighth Circuit determined that an affirmative defense predicated on the statute of limitations does not need to be pleaded with any degree of particularity. *Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 361 (8th Cir. 1997). There is no reason to think the Eighth Circuit meant to establish one rule for defenses based on the statute of limitations and a different rule for all other defenses. The Eighth Circuit has also held that "[t]he rules . . . only require a defendant to state in short and plain terms its defenses to a plaintiff's claim." *Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 737 (8th Cir. 1997). This was the state of the law with respect to affirmative defenses when *Iqbal* and *Twombly* were decided, and those cases do not compel the conclusion that the Eighth Circuit's approach was wrong. As another district judge in this Circuit has observed, "[t]he Eighth Circuit, if presented with the question, might well conclude that *Zotos* has been abrogated by *Iqbal* and *Twombly* . . . . But *Zotos* is squarely on point, and *Iqbal* and *Twombly* are not, which means *Zotos* remains the law of this Circuit." *Infogroup, Inc. v. DatabaseLLC*, 95 F. Supp. 3d 1170, 1193 (D. Neb. 2015). This Court is not empowered to decide that *Zotos* and other, similar cases from the Eighth Circuit are no

2

longer valid. Furthermore, since the Court issued its Order in *Hiskey*, there has been no binding authority applying *Iqbal* and *Twombly* to affirmative defenses.

Second, the textual difference between Rule 8(a)(2) and Rule 8(b)(1)(A) augments the Court's conclusion. Rule 8(a)(2) requires the plaintiff to plead "a short and plain statement of the claim *showing that the pleader is entitled to relief*." (emphasis supplied). As *Twombly* explains, demonstrating an entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. In contrast, a defendant need not plead the basis for an affirmative defense or set forth a basis for entitlement to the defense; Rule 8(b)(1)(A) only requires that the defendant "state in short and plain terms it defenses." This difference demonstrates that *Iqbal* and *Twombly* do not compel the conclusion that the Eighth Circuit's prior decisions are invalid.

Third, application of *Iqbal* and *Twombly* to defenses is impractical. Another district judge in this Circuit has succinctly summarized the matter:

> [P]laintiffs and defendants are in much different positions. Typically, a plaintiff has months—often *years*—to investigate a claim before pleading that claim in federal court. By contrast, a defendant typically has 21 days to serve an answer. Fed.R.Civ.P. 12(a)(1)(A)(i). Whatever one thinks of *Iqbal* and *Twombly,* the "plausibility" requirement that they impose is more fairly imposed on plaintiffs who have years to investigate than on defendants who have 21 days.

*Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1051 (D. Minn. 2010). It is theoretically possible (as some district judges have held) to require a defendant to "wait" and then seek leave to amend the Answer to assert affirmative defenses as they are gleaned during discovery, but this would unnecessarily complicate and prolong the litigation. "Plaintiffs would often resist those motions on the grounds that the proposed affirmative defenses would be futile. Thus, another round of motion practice would be added to many cases, increasing the burdens on the federal

3

courts, and adding expense and delay for the parties." *Id*. at 1052.  In contrast, there is little harm to leaving affirmative defenses in place because "[i]n a typical case, it quickly becomes apparent that most of the affirmative defenses are not viable, and the parties simply ignore them.  No judicial intervention is necessary."  *Id.*  Similarly, many affirmative defenses are not really defenses at all; their presence does not aid the defendant and their absence does not aid the plaintiff.

Thus, for the reasons stated above, Plaintiff's Motion to Strike Defendant's affirmative defenses based on *Iqbal* and *Twombly* must be denied.

### III. CONCLUSION

Accordingly, Plaintiff's Motion to Strike, (Doc. 15), is **DENIED.**

**IT IS SO ORDERED.**

DATE: June 22, 2018

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT